LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29717

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TERRY M. JASPER, JR., Defendant-Appellant

K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 JUN 17 AM 8:32

FILED

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(TRAFFIC CASE NO. 1DTC-08-001368)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant, Terry M. Jasper, Jr. (Jasper),
appeals from a judgment of conviction on one count of excessive
speeding in violation of Hawaii Revised Statutes (HRS) § 291C-
105(a)(2) (2007 & Supp. 2009) entered in the District Court of
the First Circuit, 'Ewa Division (district court).[1]

On appeal, Jasper argues that (1) the district court
erred in denying his motion to compel discovery; (2) the district
court erred in admitting the speed check card in violation of
Jasper's constitutional right of confrontation; and (3) the
district court erred in allowing the police officer to testify as
to his car's speedometer reading absent sufficient evidence of
its accuracy and reliability.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised, we conclude that
based upon State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520
(2010), Officer Benjamin Moszkowicz's (Officer Moszkowicz)
testimony regarding the speed at which Jasper was driving, based
in turn upon the officer's speedometer, was inadmissible because
the State failed to establish a proper foundation to show that

---

[1]  The Honorable Faye M. Koyanagi presided.

the officer's speedometer had been properly calibrated and was therefore accurate.[2]

At trial, Officer Moszkowicz testified that he made an appointment to check his speedometer with Roy's Kalihi Automotive Center. "Roy" took the car and put the rear tires on a set of rollers. Within minutes after the testing process, Officer Moszkowicz was given the speed check card. The police department also received a copy of the speed check card. Officer Moszkowicz testified that the speed check is obtained in the regular course of maintaining an HPD vehicle. The speed check is done once a year pursuant to police department policy. Based on the foregoing, the State offered the speed check card into evidence.

Jasper preserved the issue of the admissibility of the speed check card and Officer Moszkowicz's opinion regarding Jasper's speed based upon the officer's speedometer by means of a motion in limine and an objection at trial. The district court admitted the evidence of the speed check card over Jasper's objections and Officer Moszkowicz was allowed to testify that he paced Jasper's vehicle at 90 miles per hour. Jasper testified and denied speeding.

A determination of the admissibility of evidence under an exception to the hearsay rule is reviewed under the right/wrong standard of review. Fitzwater, 122 Hawai'i at 362, 227 P.3d at 528. However, the district court's determination of trustworthiness is reviewed for an abuse of discretion. Fitzwater, 122 Hawai'i at 362, 363, 227 P.3d at 528, 529.

In Fitzwater, the Hawai'i Supreme Court held that:

> when an entity incorporates records prepared by another entity into its own records, they are admissible as business records of the incorporating entity provided that it relies on the records, there are other indicia of reliability, and

---

[2] Based upon our decision to reverse Jasper's conviction as a result of the inadmissibility of the speed check card, we do not address Jasper's other issues.

> the requirements of [Hawaii Rules of Evidence]
> Rule 803(b)(6) are otherwise satisfied.

Fitzwater, 122 Hawaiʻi at 367-68, 227 P.3d at 534-35.  In the present case, the State failed to present evidence of other indicia of reliability.  To establish a foundation for the speed check results, the State was also required to adduce evidence of

> (1) how and when the speed check was performed, including whether it was performed in the manner specified by the manufacturer of the equipment used to perform the check, and

> (2) the identity and qualifications of the person performing the check, including whether that person had whatever training the manufacturer recommends in order to competently perform it.

Id. at 376-77, 227 P.2d at 542-43.  The State did not satisfy these requirements.  As such, the foundation for Officer Moszkowicz's testimony regarding Jasper's speed was insufficient.  No other evidence of Jasper's rate of speed was introduced at trial.

Therefore, the District Court of the First Circuit, ʻEwa Division's February 18, 2009 judgment is reversed.

DATED:  Honolulu, Hawaiʻi, June 17, 2010.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Craig H. Nakamura
Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3